TELEPHONE SECRETARIAL SERVICE, Appellant, *v.* S. R. SHERMAN, Respondent.

Supreme Court, Appellate Term, Second Department, November 9, 1966.

902

*Richard B. Schwartz* and *Sol S. Zuckerman* for appellant. *Broder Feinberg & Charles* (*Alfred W. Charles* of counsel), for respondent.

*Per Curiam.* The automatic renewal clause of the contract for telephone service involved herein is governed by the provisions of section 5-903 of the General Obligations Law and consequently was inoperative in the absence of a prior notice to the subscriber calling attention to the clause.

The statute applies to contracts " for service, maintenance or repair to or for any real or personal property ". Implicit in the agreement to furnish telephone service is an obligation to service the equipment used and it is immaterial whether this be done by the promisor or by someone else on its behalf. There is no requirement that the " service to property " be the exclusive " service " for which the client pays and there is no policy reason to so restrict the application of this remedial statute which was aimed at a widespread abuse.

Furthermore a service may be properly said to be rendered " for " property when it is rendered " in connection with " property and that is the case here where the use of telephone equipment is indispensable to rendition of the service.

The judgment and order granting summary judgment dismissing the complaint should be unanimously affirmed, with $10 costs.

Concur — Di Giovanna, Gulotta and Baker, JJ.

Judgment and order affirmed, etc.